McDERMOTT WILL & EMERY LLP
Daniel E. Alberti (State Bar No. 68620)
dalberti@mwe.com
Stephen J. Akerley (State Bar No. 160757)
sakerley@mwe.com
Elaine M. Heal (State Bar No. 211723)
eheal@mwe.com
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:     650.813.5000
Facsimile:     650.813.5100

McDERMOTT WILL & EMERY LLP
Joseph H. Paquin, Jr. *(Pro Hac Vice)*
jpaquin@mwe.com
227 West Monroe Street, Suite 4400
Chicago, IL  60606-5096
Telephone:     312.372.2000
Facsimile:     312.984.7700

Attorneys for Plaintiff HITACHI, LTD.

SIDLEY AUSTIN LLP
Edward G. Poplawski (SBN 113590)
epoplawski@sidley.com
Peter H. Kang (SBN 158101)
pkang@sidley.com
Teague I. Donahey (SBN 197531)
tdonahey@sidley.com
Sanuel N. Tiu (SBN216291)
stiu@sidley.com
555 California Street
San Francisco, CA   94104
Telephone:  (415) 772-1200
Facsimile:  (415) 772-7400

Attorneys for Defendant AMTRAN TECHNOLOGY CO., LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HITACHI, LTD., a Japanese corporation, | CASE NO. C 05 02301 CRB |
| Plaintiff, | ELECTRONIC CASE FILING |
| v. | **STIPULATED PROTECTIVE ORDER** [PROPOSED] |
| AMTRAN TECHNOLOGY CO., LTD., a Taiwanese corporation, | |
| Defendant. | |

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1    WHEREAS, the parties expect that discovery in this action will require the production of

2  technical and business information that is confidential and proprietary in nature, the unrestricted

3  disclosure or dissemination of which could subject them and/or others to commercial or

4  competitive injury;

5    WHEREAS, the parties are desirous of establishing mechanisms and protocols that will

6  permit efficient discovery in this action and also protect themselves and others from the risk of

7  misuse, unrestricted disclosure and dissemination of such confidential and proprietary

8  information.

9    NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND BETWEEN THE

10  PARTIES HERETO, SUBJECT TO THE APPROVAL OF THE COURT, AS FOLLOWS:

11  **I.    DEFINITIONS**

12  The following definitions apply to this protective order:

13    1.    "Communicate" means disclose, provide, show, or make available in any way to

14  another person or entity.

15    2.    "CONFIDENTIAL – ATTORNEYS' EYES ONLY" is a designation that may be

16  applied to information that a Designating Party believes in good faith to constitute, contain, or

17  reveal its trade secrets or other confidential research, development, design, testing, commercial,

18  financial, licensing or personnel information relating to its business, the unrestricted disclosure

19  or dissemination of such information to third parties could adversely impact its business.

20  Information may also be designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it is

21  held by a Designating Party subject to an obligation of confidentiality owed to a third party.

22    3.    "Confidential Information" means information that has been designated

23  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the terms of this Order.

24    4.    "Copy" means any reproduction, depiction, or sample of any document, material,

25  tangible thing, audio or video tape, computer disk, or information, regardless of format, by

26  photographic, scanning, imaging, recording, manual input, or other electronic, magnetic, optical,

27  or manual reproduction means.

28    5.    "Designated Counsel" means the law firms of McDermott Will & Emery LLP

**STIPULATED PROTECTIVE ORDER**          2                    Case No. C 05 02301 CRB
**[PROPOSED]**

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1 (for Plaintiff Hitachi, Ltd.) and Sidley Austin LLP (for Defendant AmTRAN Technology Co.,

2 Ltd.), including all attorneys, staff, and clerical and support personnel affiliated with or

3 employed by such outside counsel, as well as copy services, translators and other similar

4 vendors providing clerical or administrative support to such outside counsel.

5       6.    "Designating Party" means any party to this action, or any third party from whom

6 discovery is sought in this action, invoking the protections of this Order.

7       7.    "Display Technology" means any technology that pertains to monitor or display

8 products, including flat panel, LCD or CRT monitors or displays, or computer hardware or

9 software that is designed to implement or facilitate communications between a computer and

10 such monitor or display products.

11       8.    "Party" means every party to this action and every director, officer, employee,

12 and agent of every party to this action.

13       9.    "Expert or Consultant" means any outside expert or consultant retained by a

14 Party in connection with preparation for trial or for trial in this action.   Mock jurors are not

15 considered "Experts or Consultants."

16 **II.    TERMS OF THE PROTECTIVE ORDER**

17       1.    <u>Scope of This Protective Order</u>.  The terms of this Protective Order shall apply to

18 all proceedings in this action, including proceedings during trial or on appeal.  Nothing herein

19 shall prohibit any party from seeking a further protective order with respect to the proceedings in

20 this action.

21       2.    <u>Materials Subject to Designation</u>.  Any party to this action, or third party from

22 whom discovery is sought, may designate any of the following as Confidential Information

23 under the terms of this Order:  deposition testimony; responses to interrogatories, requests for

24 admission or other written discovery; documents and things produced pursuant to subpoena or

25 F.R.C.P. 34 request; expert witness reports; and facilities or other physical locations made

26 available for inspection pursuant to discovery request in this action.

27       3.    <u>Derivative Materials</u>.  Any extract, summary, compilation or other material

28 derived in whole or in part from Confidential Information shall itself be deemed to be

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1    Confidential Information, and the dissemination and use thereof shall be governed by this

2    Protective Order.

3         4.    Manner of Designation of Confidential Information

4              a.    Designation of Documents and Things.  A Designating Party shall

5    designate Confidential Information by placing a clear, permanent legend on each page of any

6    document being designated or, in the case of physical objects, computer disks, or other tangible

7    things, on the thing itself or on the container in which it is produced.  The legend shall bear the

8    words "CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Legends shall not cover up,

9    obscure, or make illegible any text or other portion of any designated document.  All documents

10   and things shall be so designated by the Designating Party prior to their production or delivery,

11   except as set forth below.

12         To expedite discovery in this action, a Designating Party may make documents and

13   things available for inspection prior to the placement of a legend thereon, without thereby

14   waiving the protections of this Order.  Thus, the Designating Party may advise the requesting

15   party that some or all of the documents or things to be produced for inspection are designated

16   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order and that only

17   Designated Counsel for the requesting party and outside experts and consultants permitted under

18   the Protective Order to access such materials will be permitted to participate in such inspection.

19   After the inspection, the Designating Party may then designate the documents and things

20   selected by Designated Counsel for the requesting party by marking them with the appropriate

21   legend prior to delivery of copies to the requesting party's Designated Counsel.  In such cases,

22   permitting such initial inspections shall not constitute waiver of confidentiality with respect to

23   any document or things so inspected.

24              b.    Manner of Designating Deposition Testimony.  If in the course of a

25   deposition any Confidential Information is used (whether as an exhibit or otherwise) with or

26   elicited from a witness, the portion of the transcript in which such Confidential Information is

27   contained shall be designated under this Protective Order.  To so designate such portion of a

28   transcript, the witness (or his/her counsel) or Party intending to invoke this Protective Order

**STIPULATED PROTECTIVE ORDER**              4              Case No. C 05 02301 CRB
**[PROPOSED]**

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1    shall state on the record that the testimony or portion thereof is being designated

2    "CONFIDENTIAL – ATTORNEYS' EYES ONLY" whereupon the deposition officer shall

3    place the appropriate legend on each page of the transcript containing such designated testimony

4    and shall bind same separately from any non-designated portions of the deposition transcript.  In

5    the alternative, any party may advise all other parties in writing, and with page and line

6    identifications, of the designation of such testimony, within thirty (30) days after receipt of the

7    transcript of a deposition.  Until thirty (30) days have passed after the receipt of any transcript,

8    the entire transcript shall be deemed to be designated CONFIDENTIAL – ATTORNEYS'

9    EYES ONLY.  Unless otherwise ordered by this Court, the Designating Party shall have the

10    right to have all persons, except the deponent and his/her Designated Counsel and such other

11    persons as are permitted under the terms of this Protective Order to have access to Confidential

12    Information, excluded from a deposition during the taking of the testimony designated pursuant

13    to this Protective Order.

14              c.        Inadvertent Production or Failure to Designate.  In the event that any

15    document or thing qualifying for designation as Confidential Information is inadvertently

16    produced without the proper designation, the disclosing party shall identify such document or

17    thing promptly after its inadvertent production is discovered and provide a copy of such

18    document or thing with the proper designation to counsel for the receiving party, upon receipt of

19    which the receiving party shall promptly return or destroy all copies of the undesignated or

20    misdesignated document or thing.

21        In the event that any document or thing containing or constituting privileged attorney-

22    client communications or attorney work product is inadvertently produced, the disclosing party

23    shall notify the receiving party promptly after it is discovered that the privileged material was

24    inadvertently produced for inspection or provided, and upon receipt of such notification the

25    receiving party shall promptly return to Designated Counsel for the disclosing party any and all

26    copies of such document or thing and thereafter refrain from any use whatsoever, in this case or

27    otherwise, of such document or thing.  Nothing herein shall prevent the receiving party from

28    contending that any such document or thing was not inadvertently produced, or that privilege

STIPULATED PROTECTIVE ORDER              5                    Case No. C 05 02301 CRB
[PROPOSED]

McDermott Will & Emery LLP
ATTORNEYS AT LAW
PALO ALTO

1   was waived for reasons other than the mere inadvertent production thereof.

2       5.      Treatment of Confidential Information.  Information designated as

3   "CONFIDENTIAL – ATTORNEYS' EYES ONLY," and all information derived from the

4   information so designated (excluding such information as is derived lawfully from an

5   independent source), shall be used only for the purposes of this litigation, and not for any

6   business, commercial, patent prosecution or other purpose whatsoever.  Such information shall

7   not be Communicated to any person or entity other than Designated Counsel, the Court, and

8   court reporters and videographers, and those persons to whom disclosure is permitted under the

9   terms of Section II.6 and Section II.7 below.

10      6.      Outside Experts and Consultants.  Information designated as "CONFIDENTIAL

11  – ATTORNEYS' EYES ONLY" may be Communicated to outside Experts or Consultants

12  retained by a Party in connection with preparation for trial or for trial in this action, provided

13  that the following conditions are met:  (a) Before any Confidential Information is disclosed to

14  any Expert or Consultant, that person shall execute and deliver to all Designating Parties a

15  Confidentiality Agreement in the form attached to this Protective Order as Exhibit A; and (b)

16  Counsel of record for the Designating Party will be served with written notice by first class mail

17  and by facsimile not less than ten (10) calendar days before disclosure to any such Expert or

18  Consultant, together with a current resume for such Expert or Consultant.  Should counsel of

19  record for the Designating Party object to the disclosure of such information to an outside Expert

20  or Consultant, and such objection is not informally resolved by the parties, the Designating Party

21  shall have twenty-one (21) calendar days following the service of said written notice within

22  which to file a motion in order to bar such disclosure, and no disclosure shall take place until

23  such motion is decided or by leave of court.

24      7.      Mock Jurors.  Information designated as "CONFIDENTIAL – ATTORNEYS'

25  EYES ONLY" may be Communicated to mock jurors utilized by a Party in connection with

26  preparation for trial in this action provided that, before any Confidential Information is disclosed

27  to any mock juror, that person shall execute the form attached to this Protective Order as

28  Exhibit B.  Thereafter, any such executed form shall be retained by the Party utilizing the mock

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1    juror. Moreover, for any jury research conducted by a Party, an appropriate screening process

2    must be used to assure that the jury consultant(s) and mock jurors chosen for any mock jury

3    presentation are not current or former offices, directors, employees or consultants of the other

4    Party or any direct competitors of the other Party.

5        8.    Request for Additional Disclosure. If any counsel of record desires to

6    Communicate a Designating Party's Confidential Information to any person other than those

7    otherwise permitted access to such information under the terms of this Protective Order, such

8    counsel shall first obtain the written consent of the Designating Party or a Court Order

9    authorizing such disclosure. Except as expressly agreed in writing by the Designating Party or

10   ordered by the court, each person to whom the Confidential Information is to be Communicated

11   must execute a written Confidentiality Agreement, in the form attached hereto as Exhibit A.

12       9.    Maintenance of Designated Information. Counsel and those persons to whom

13   disclosure is permitted under the terms of Sections II.5, II.6, and II.7 above who have received

14   Confidential Information that is provided pursuant to this Order shall maintain such Confidential

15   Information in a secure and safe area and shall exercise due and proper care with respect to the

16   storage, custody, use, and disposal of all Confidential Information, so as to prevent the

17   unauthorized or inadvertent disclosure of any of it.

18       10.   Court Reporters and Videographers. Any court reporter or videographer shall be

19   entitled to hear Confidential Information and receive and handle exhibits containing

20   Confidential Information as necessary or appropriate for the performance of his or her duties,

21   provided that the court reporter or videographer first executes a Confidentiality Agreement in

22   the form attached to this Stipulated Protective Order as Exhibit A. The court reporter may allow

23   the deponent to review the original of the transcript or may deliver the original transcript for

24   such review to the attorney for the deponent, if that attorney has executed and delivered to the

25   Designating Party's counsel of record a Confidentiality Agreement in the form attached to this

26   Stipulated Protective Order as Exhibit A or is one of the Designated Counsel defined in Section

27   I.5 above.

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

**STIPULATED PROTECTIVE ORDER**          7          Case No. C 05 02301 CRB
**[PROPOSED]**

1      11.   <u>Filing Documents with the Court.</u>

2      Any non-Designating Party seeking to file or lodge with the Court any pleading,

3   memorandum, declaration, documentary evidence, or other similar document containing a

4   Designating Party's Confidential Information is obligated to seek a Court Order authorizing

5   such document, or the portions thereof constituting the Confidential Information, to be filed

6   under seal, in accordance with the procedures set forth in Civil L.R. 79-5.  Upon default of the

7   filing or lodging Party properly to file or lodge documents containing Confidential Information

8   in accordance with this Stipulated Protective Order, any Party or Designating Party who in good

9   faith believes that lodging or filing under seal is required may, within five (5) calendar days of

10   learning of the defective filing or lodging, request the Court to treat it as having been filed or

11   lodged under seal.  Notice of such request shall be given to all Parties.

12      12.   <u>No Effect on Party's Own Use.</u>  A Designating Party's designation of information

13   as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not affect its own right to

14   Communicate or use any of its information so designated.

15      13.   <u>Limitations Upon Scope of Order.</u>  The restrictions set forth in this Order shall

16   not apply to any information, including information contained in the document, which:

17         a.   At the time of the disclosure hereunder is available to the public; or

18         b.   After disclosure hereunder becomes available to the public through no act,

19   or failure to act, by the receiving party; or

20         c.   The receiving party can show (i) as a matter of written record was already

21   known to the receiving party; or (ii) was received by the receiving party, after the time of

22   disclosure hereunder, from a third party having the right to make such disclosure, it being

23   understood that this clause (ii) applies only to the extent that the receiving party may have the

24   right to use or disclose said information under any agreement with the third party.

25      14.   <u>No Effect on Disclosure to Author or Previous Recipients.</u>  Nothing contained in

26   this Order shall affect the right of a Party to disclose any Confidential Information to any person

27   who appears as an author or as an addressee on the face of the document, or who has been

28   identified by the Designating Party as having been provided with such Confidential Information

**STIPULATED PROTECTIVE ORDER**              8              Case No. C 05 02301 CRB
**[PROPOSED]**

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

1   therein by the Designating Party.

2        15.    Final Disposition of Action.  Within 180 days of the final disposition of this

3   action, each counsel of record shall either:  (a) return to counsel of record for the Designating

4   Party all materials designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and all

5   Copies made of such materials; or (b) destroy or see to the destruction of all materials

6   designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and all Copies made of such

7   materials, and certify to the Designating Party that such destruction has been done.  As an

8   exception to the above, counsel of record may retain a single file Copy of any document filed

9   with the Court, a Copy of any written discovery response, and a transcript of any deposition

10   testimony, together with all exhibits to that transcript, as well as each counsel's notes, analyses,

11   memoranda, and other attorney work product related to any Confidential Information.  The Copy

12   of these retained documents shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES

13   ONLY," and counsel of record shall immediately notify opposing counsel of record of any

14   attempt by third parties to inspect or Copy said documents.

15        16.    Motion for Relief from Designation.  If, after a Party receives information

16   designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," it appears to the receiving

17   party that any such information is not entitled to the protection afforded under this Protective

18   Order, such receiving party shall first notify counsel of record for the Designating Party in

19   writing, providing its reasons for challenging the designation.  If, fifteen (15) calendar days after

20   such notice is given, the parties have been unable to reach an agreement as to whether the

21   information should be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

22   receiving party may then or thereafter bring a noticed motion to be relieved of its obligations

23   under this Protective Order as to any such information.  The Designating Party shall bear the

24   burden of proving that the designated information constitutes, contains, reveals, or reflects trade

25   secrets or other confidential research, development, commercial, financial, or personnel

26   information that relates to the Designating Party's business or that was disclosed to it in

27   confidence by any third party, and that disclosure of the designated information to competitors,

28   customers, or others (including the general public) would adversely prejudice the Designating

**STIPULATED PROTECTIVE ORDER**     9     Case No. C 05 02301 CRB
**[PROPOSED]**

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

Party or its business or would violate an obligation of confidentiality to a third party. No party to this action, however, shall be obligated to challenge the propriety of any designation by any other party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designations.

17. Survival of Terms. Absent written modification by the Parties or further order of the Court, the provisions of this Protective Order that restrict the disclosure and use of Confidential Information shall survive the final disposition of this action and continue to be binding on all persons and entities subject to the terms of this Protective Order.

18. Effect on Discovery. This Protective Order shall not preclude or limit the right of any Party to object to or resist discovery on any ground that would otherwise be available.

19. No Contract. This stipulation is for the Court's consideration and approval as an Order. This Protective Order shall not be construed to create a contract between the parties or between the parties and their respective counsel.

20. Submitting to Jurisdiction of the Court. Counsel of record and each person to whom Confidential Information is disclosed pursuant to the terms of this Protective Order agrees to be subject to the *in personam* jurisdiction of the United States District Court for the Northern District of California, for the purpose of contempt proceedings or any other proceeding arising from any violation of this order.

21. Violation of Order. In the event of any violation or threatened violation of any term of this Protective Order, any affected Designating Party may immediately apply to this Court in this action to obtain injunctive relief against any person violating or threatening to violate this Protective Order and, in that event, the person committing or threatening to commit such violation shall not argue or otherwise employ as a defense that the Designating Party possesses an adequate remedy at law. The Parties and any other person or entity subject to the terms of this Protective Order agree that this Court has jurisdiction of such person, entity, or Party, for the purpose of enforcing this Order.

STIPULATED PROTECTIVE ORDER                    10                    Case No. C 05 02301 CRB
[PROPOSED]

1    SO STIPULATED AND AGREED:

2

3    Dated: March 23, 2006                    Respectfully submitted,

4                                             McDERMOTT WILL & EMERY LLP

5

6                                             By:  ____/s/ Elaine M. Heal_____
                                                  Stephen J. Akerley
7                                                 Elaine M. Heal
                                                  Joseph H. Paquin, Jr. *(Pro Hac Vice)*
8

9                                             Attorneys for Plaintiff, HITACHI, LTD.,
                                              a Japanese corporation
10

11   Dated: March 23, 2006                    Respectfully submitted,

12                                            SIDLEY AUSTIN LLP

13

14                                            By:  ____/s/ Peter H. Kang_____
                                                  Edward V. Anderson
15                                                Peter H. Kang
                                                  Teague I. Donahey
16

17                                            Attorneys for Defendants AMTRAN
                                              TECHNOLOGY CO., LTD., a Taiwanese
18                                            corporation

19   IT IS HEREBY ORDERED.

20

21   Dated: __March 28, 2006____

22                                            Honorable Charles R. Breyer
                                              United States District Judge
23                                            Northern District of California

                                              IT IS SO ORDERED
24
                                              Judge Charles R. Breyer
25

26

27

28

**STIPULATED PROTECTIVE ORDER**              11                    **Case No. C 05 02301 CRB**
**[PROPOSED]**

1  **DECLARATION RE: SIGNATURE PURSUANT TO GENERAL ORDER 45 § X**

2       I, Elaine M. Heal, declare as follows:

3       1.      I am an attorney at the law firm of McDermott Will & Emery LLP, counsel of

4  record for Plaintiff Hitachi, Ltd. in the action entitled *Hitachi, Ltd. v. AmTRAN Technology Co.,*

5  *Ltd.,* Case No. C 05 02301 CRB, pending before this Court.  I am a member of good standing of

6  the State Bar of California and am admitted to practice in the United States District Court for the

7  Northern District of California.  I have personal knowledge of the facts set forth in this

8  Declaration and, if called as a witness, could and would testify competently to such facts under

9  oath.

10      2.      I attest that the conformed signature of Peter H. Kang, counsel of record for

11  AmTRAN Technology Co., Ltd. appearing in the signature block of the STIPULATED

12  PROTECTIVE ORDER [PROPOSED], is Mr. Kang's signature, and that Mr. Kang has

13  authorized me to file the STIPULATED PROTECTIVE ORDER [PROPOSED].

14      Executed on the 23rd day of March, 2006 at Palo Alto, California.  I declare under

15  penalty of perjury under the laws of the United States that the foregoing is true and correct.

16                                                          _/s/ Elaine M. Heal_

17

18

19

20

21

22

23

24

25

26

27

28

**STIPULATED PROTECTIVE ORDER**          12                    **Case No. C 05 02301 CRB**
**[PROPOSED]**

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____, declare under penalty of perjury under the laws of the United States and California that:

1.    My address is _____

_____.

2.    My present employer is _____

_____.

3.    My present occupation or job description is _____

_____

_____.

4.    I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order in the matter of HITACHI LTD. v. AMTRAN TECHNOLOGY CO., LTD., Case No. C-05-2301 CRB in the United States District Court for the Northern District of California, San Francisco Division; that I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Protective Order; that I shall comply with and to be bound by the terms and conditions of the Protective Order; and that I shall submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcement of the Protective Order.

5.    I understand and agree that, pursuant to the Protective Order, I am required to retain all Copies of any of the materials that I receive that have been so designated as containing Confidential Information in a container, cabinet, drawer, room or other safe place in a manner consistent with this Protective Order, that all Copies are to remain in my custody until they are to be returned or destroyed as specified in the Protective Order. I acknowledge that such return or the destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

Dated: _____      _____
                              (Signature)

**STIPULATED PROTECTIVE ORDER**      13      **Case No. C 05 02301 CRB**
**[PROPOSED]**

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

**EXHIBIT B**

**CONFIDENTIALITY AGREEMENT FOR MOCK JURORS**

I, _____, declare under penalty of perjury under the laws of the United States and California that:

1.    My address is _____

_____.

2.    My present employer is _____

_____.

3.    My present occupation or job description is _____

_____

_____.

4.    I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order in the matter of HITACHI LTD. v. AMTRAN TECHNOLOGY CO., LTD., Case No. C-05-2301 CRB in the United States District Court for the Northern District of California, San Francisco Division; that I am not myself in, nor employed by or affiliated with any entity that is in, the monitor industry; that I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Protective Order; that I shall comply with and to be bound by the terms and conditions of the Protective Order; and that I shall submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcement of the Protective Order.

5.    I understand and agree that, pursuant to the Protective Order, I am required to retain all Copies of any of the materials that I receive that have been so designated as containing Confidential Information in a container, cabinet, drawer, room or other safe place in a manner consistent with this Protective Order, that all Copies are to remain in my custody until they are to be returned or destroyed as specified in the Protective Order. I acknowledge that such return or the destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Protective Order.

**STIPULATED PROTECTIVE ORDER**                    14                    **Case No. C 05 02301 CRB**
**[PROPOSED]**

1    Dated: _____    _____

2                                            (Signature)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

**STIPULATED PROTECTIVE ORDER**                15                **Case No. C 05 02301 CRB**
**[PROPOSED]**