**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT
10          NORTHERN DISTRICT OF CALIFORNIA
11
12   HITACHI, LTD, et al.,                          No. C 05-2301 CRB  (JL)
13              Plaintiffs,                          **ORDER TO COMPEL HITACHI TO
                                                    PRODUCE REQUESTED DOCUMENTS
14       v.                                          AND FULLY RESPOND TO
                                                    INTERROGATORY NO. 2
15   AMTRAN TECHNOLOGY CO, LTD,                      (DOCKET # 69)**
16              Defendants.
     _____/
17
18                          **Introduction**
19          All discovery in this case has been referred by the district court (Hon. Charles R.
20   Breyer) as provided by 28 U.S.C. § 636(b) and Civil Local Rule 72.  The discovery issues at
21   dispute here were argued in a joint statement submitted under seal to the Court.  There
22   was not a hearing, and the Court issues this order based on the submitted papers,
23   pursuant to Civil Local Rule 7-1(b).
24                          **Background**
25          Hitachi, a Japanese corporation, is the owner of three United States patents for
26   devices that allow a computer to communicate with an external computer or video source.
27   Hitachi alleges that AmTRAN, a Taiwanese corporation, has infringed and is currently
28   infringing on those patents.  Hitachi has an agreement with Inpro II Licensing Sarl, a

European firm, to negotiate certain licensing agreements on Hitachi's behalf.  Inpro acted as Hitachi's agent in negotiations for license agreements concerning the patents at issue in this litigation with corporations including AmTRAN.

Hitachi filed its complaint against AmTRAN in June 2005.  The case was assigned in Judge Breyer.  A claim construction hearing for this case is scheduled for November 16, 2006.  The discovery cut off date for claim construction is August 16, 2006.

Initially, Hitachi filed a motion to compel production of documents and responses to interrogatories but withdrew the motion one month later.  The parties later submitted a joint statement regarding specific discovery disputes, with portions redacted.  The unredacted version of the statement was submitted under seal to this Court.  The parties met and conferred five times between December 2005 and May 2006, but were unable to resolve these discovery issues.  The Court finds the parties met and conferred as required by Civil Local Rule 37 and Fed.R.Civ.Pro. 37.

### Legal Arguments

The parties raise three related issues in their joint statement: 1) AmTRAN seeks all documents held by Inpro that concern the patents-in-suit; 2) AmTRAN seeks more complete responses to its Interrogatory No. 2, which seeks Hitachi's and Inpro's communications with third parties regarding the patents-in-suit; 3) Hitachi seeks responses to its Rule 34 requests Nos. 5 and 43, which seek certain communications between AmTRAN and Inpro regarding the patents-in-suit.

### 1. Requests for Documents

Any litigant may request documents or tangible things under Fed.R.Civ.Pro. 34 that are within the scope of Rule 26(b) and are within the "possession, custody or control of the party upon whom the request is served."  Fed.R.Civ.Pro. 34.  The party seeking production of documents bears the burden of showing that the other party has control over them.  *Norman v. Young*, 422 F.2d 470, 472-473 (10th Cir. 1970).  Federal courts have interpreted "control" broadly.  *Florentia Contracting Corp. v. RTC*, 1993 WL 127187, * 3 (S.D.N.Y.).  A principal-agent relationship can establish the requisite control.  *McKesson Corp. v. Islamic*

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

1   *Republic of Iran*, 185 F.R.D. 70, 78 (D.D.C. 1999).  More important than proof of a

2   principal-agent relationship, however, is the showing of control.  *Id.*  "Control" can also be

3   defined as the "legal right to obtain documents on demand."  *United States v. Int'l. Union of*

4   *Petroleum & Industrial Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989).  For example, a

5   subsidiary will be required to produce documents wholly owned by the parent company.  *Id.*

6   The third party's financial interest in the litigation might further require its cooperation in the

7   discovery process.  *Golden Trade, S.r.L. v. Lee Apparell Co.*, 143 F.R.D. 514, 525

8   (S.D.N.Y. 1992).

9       Actual physical possession is not relevant, the question is whether the party has the

10  "right, authority or practical ability to obtain the documents from a non-party to the action."

11  *Synopsys, Inc. v. Ricoh Co. Ltd.*, 2006 WL 1867529 *2 (N.D.Cal. 2006) (citing *Bank of New*

12  *York v. Meridien Biao Bank Tanzania*, 171 F.R.D. 135, 146 (S.D.N.Y. 1997) (internal

13  quotation marks omitted).  One factor courts have used in making that determination is

14  whether the an agent-principal relationship is connected to the issue being litigated. 8A

15  Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, *Federal Practice and Procedure*,

16  § 2210 (2d. ed. 1987).  Inpro acted as Hitachi's agent on the patents at issue in this suit.

17      There is no dispute that Inpro is an agent of Hitachi.  AmTRAN argues that the

18  principal-agent relationship between Hitachi and Inpro establishes the necessary control.

19  Jnt.Stmt. 2:13-17.  The agency agreement between Hitachi and Inpro requires that Inpro

20  "report regularly" on the status of license negotiations and "carry out all reasonable

21  instructions of Hitachi in relation thereto."  Jnt.Stmt. 2:13-16.  Hitachi argues in opposition

22  that the agency agreement does not create such control; it describes Inpro as an

23  "independent contractor," and because the sought after documents are in the possession of

24  Inpro, Hitachi cannot obtain them.  Jnt.Stmt. 4:17-22.  Hitachi asserts it has requested that

25  Inpro respond to AmTRAN's request but Inpro has refused to do so.  Jnt.Stmt. 4:13-15.

26  Therefore, Hitachi contends, AmTRAN's only recourse is to seek discovery from Inpro

27  through procedures under the Hague Convention.  Jnt.Stmt. 2:7-8.

28

United States District Court

For the Northern District of California

1        Although Hitachi argues that nothing in its agreement with Inpro created a

2   partnership between the companies, Inpro has actively participated in this litigation.  For

3   example, it was present at a mediation session in March 2006.  Jnt.Stmt. 4:1-4.  Inpro

4   acted as Hitachi's agent on the patents at issue in this suit.  It is a financially interested

5   party in the litigation, a factor the court in *Golden Trade* held should lead to the third-party's

6   cooperation.  Jnt.Stmt. 1:8-9.  The discovery cut off date for the claims construction hearing

7   is fast-approaching.  It would cause unnecessary burden and delay to require AmTRAN to

8   seek discovery through the Hague Convention.  It is convincing that Hitachi has sufficient

9   authority through its agency agreement to demand that Inpro produce the documents

10  AmTRAN has requested.  The Court hereby orders that Hitachi produce the requested

11  documents

12  **2. Interrogatory No. 2**

13       AmTRAN is also seeking an order to compel Hitachi to respond more completely to

14  AmTRAN's Interrogatory No. 2.  Hitachi has agreed to provide information on

15  communications between itself and third parties in relation to the patents-at-suit.  Jnt.Stmt.

16  2:25-28.  It has refused to provide similar communications between Inpro and third parties,

17  arguing it is not in possession of that information.  Jnt.Stmt. 3:1-2, 4:8-10.

18       A party answering interrogatories must furnish "such information as is available to

19  the party."  Fed.R.Civ.Pro. 33 (a).  Courts have an established rule that a corporation must

20  furnish information available from the corporation itself or from entities under its control.  *In*

21  *re ATM Fee Antitrust Litigation*, 233 F.R.D. 542, 545 (N.D.Cal. 2005) (quoting *Brunswick*

22  *Corp. v. Suzuki Motor Co.*, Ltd., 96 F.R.D. 684, 686 (D.C.Wis. 1983).  Information readily

23  obtainable from a third-party is discoverable through an interrogatory, but those seeking

24  information "peculiarly within the knowledge of individuals, and not chargeable to [the

25  requested party]" may be struck down.  *Ballard v. Allegheny Airlines, Inc*. 54 F.R.D. 67, 69

26  (E.D.Pa. 1973).

27       The information sought by AmTRAN involves Inpro's representations and

28  admissions to third parties about the patents-in-suit.  Inpro was acting as Hitachi's agent in

United States District Court

For the Northern District of California

1   license agreement negotiations regarding these patents.  It was required to carry out

2   Hitachi's instructions and submit regular reports.  The requested communications are the

3   same as those on which Inpro would logically report to Hitachi.  Through its participation in

4   the mediation session and its financial interest in the outcome of the suit, Inpro has already

5   been actively involved in the suit.  It is reasonable that Hitachi has the ability to request the

6   information sought in Interrogatory No. 2  from Inpro under the terms of the agency

7   agreement.  The Court hereby orders that Hitachi respond in full to Interrogatory No. 2.

8   **3.  AmTRAN's communications with Inpro**

9         Lastly, Hitachi is seeking the Court's assistance in forcing AmTRAN to produce

10   documents relating to communications between Inpro and AmTRAN about the patents-in-

11   suit.  AmTRAN contends the May 16, 2006 joint statement is the first time Hitachi raised

12   this issue.  Jnt.Stmt 3 n.2.  Hitachi contends the issue has been discussed during several

13   meet and confer sessions, and AmTRAN refuses to produce these documents because

14   Hitachi has access to them through Inpro.  Jnt.Stmt. 4:26-5:3.

15         A party may respond to an interrogatory by clearly identifying the place in documents

16   in the requesting party's possession where the answer can be found.  *Concept Industries,*

17   *Inc. v. Carpet Factory, Inc.*  59 F.R.D. 546, 550 (E.D.Wis. 1973).  However, a refusal to

18   respond to interrogatories on the belief that the requesting party already possesses the

19   documents is insufficient.  *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 284 (C.D.Cal.

20   1996).  Even if we assume that Hitachi possesses documentation of the communications

21   between AmTRAN and Inpro, AmTRAN must specifically identify what in those documents

22   responds to Hitachi's interrogatories.

23         The information Hitachi seeks is certainly available to AmTRAN, as required by Rule

24   33.  AmTRAN's responses are insufficient and its arguments weak in light of the extensive

25   requests it has made of Hitachi.  The Court hereby orders AmTRAN to respond in full to

26   this interrogatory, as discussed above.

27

28

**United States District Court**
For the Northern District of California

1    All responses shall be due within 10 days of the e-filing of this order.

2    IT IS SO ORDERED.

3    DATED: July 18,  2006

4

5                                                    _____
                                                     JAMES LARSON
6                                                    Chief Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C-05-2301 DISCOVERY ORDER                                          Page 6 of  6